W. FLETCHER, Circuit Judge,
dissenting:
I respectfully dissent.
In Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), the Supreme Court established an equitable rule under which the failure of a pro se prisoner or of an ineffective counsel to raise in a state court initial collateral review proceeding a claim of ineffective assistance of counsel (“IAC”) at trial is “cause” for the state court procedural default, such that the default may be excused. The question in this case is whether the Martinez rule applies to ineffectiveness of state court habeas counsel in failing to raise a claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). I conclude that it does.
Hunton was convicted in 2002 of second degree robbery in Washington state court and was sentenced to life in prison without parole under that state’s three strikes law. With some assistance from counsel, Hun-ton appealed to the Washington Court of Appeals. Hunton argued on appeal that the prosecution had violated Brady v. Maryland by delaying the production of some evidence and failing to disclose other evidence. The Court of Appeals refused to decide Hunton’s Brady claim on direct appeal. It wrote:
Mr. Hunton claims that the prosecutor did not timely provide exculpatory evidence including information and materials regarding another individual suspected of the robberies, as well as other exculpatory information. Mr. Hunton may have a point. However, the factual basis for his claim cannot be examined on the record before this court. See State v. Crane, 116 Wash.2d 315, 335, *1128 804 P.2d 10 (1991) (review is limited to the appellate record).
The Washington Supreme Court denied review.
Acting pro se, Hunton filed a personal restraint petition (“PRP”) in Washington court. Washington provides counsel only in limited circumstances for prisoners filing PRPs, none of which applied in Hun-ton’s case. Hunton did not raise his Brady claim in his PRP. The Washington Court of Appeals denied Hunton’s PRP, and the Washington Supreme Court denied review.
Still acting pro se, Hunton then filed a petition for federal habeas under 28 U.S.C. § 2254, in which he raised the Brady claim he had unsuccessfully raised in his direct appeal and had failed to raise in his PRP. The district court held that Hunton had procedurally defaulted his Brady claim. We granted a certificate of appealability ordering Hunton to address the following questions: (1) whether he had procedurally defaulted his Brady claim; (2) whether he had exhausted his Brady claim and, if not, whether he should be afforded an opportunity to exhaust in state court; and (3) whether he was entitled to relief on his Brady claim. We ordered appointment of counsel.
After briefing by counsel, we remanded to the district court to determine whether Hunton’s federal habeas proceeding should be stayed and held in abeyance in order to allow him to exhaust his Brady claim. The district court denied stay and abeyance on the ground that Hunton’s Brady claim had already been procedurally defaulted in state court and there would therefore be no point to a stay and abeyance order. Unbeknownst to the district court, seven days before the entry of its order the Supreme Court had decided Martinez. Hunton moved in the district court for reconsideration based on Martinez. The district court denied the motion for reconsideration, but granted a certificate of appealability.
Hunton raises a single question in this appeal: does the equitable rule of Martinez apply to a case in which the underlying defaulted claim is a Brady claim? For the reasons that follow, I conclude that it does.
The Court held in Martinez that “[inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.” Martinez, 132 S.Ct. at 1315. Martinez had been convicted in Arizona, which forbids a prisoner to raise a trial-counsel IAC claim on direct appeal. Id. at 1313. The Court recognized that because the first opportunity to raise a claim of trial-counsel IAC was on collateral review, “the collateral proceeding is in many ways the equivalent of a prisoner’s direct appeal as to the ineffective-assistance claim.” Id. at 1317. The Court held:
Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
Id. at 1320.
A year later, in Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), the Court reaffirmed and expanded Martinez. Trevino was a Texas prisoner. Id. at 1915. Unlike in Arizona, there is no statutory prohibition in Texas against a prisoner raising a trial-counsel IAC claim. Id. However, it is “highly unlikely” as a practical matter that appellate counsel will have a “meaningful opportunity” to raise such a claim. Id. at 1921. *1129 The Court wrote that Texas “appears at first glance to permit ... the defendant initially to raise a claim of ineffective assistance of trial counsel on direct appeal,” but that “in actual operation,” the “structure and design of the Texas system ... make it ‘virtually impossible’ for an ineffective assistance claim to be presented on direct review.” Id. at 1915 (citation omitted). The Court therefore found “no significant difference” between Trevino’s case and Martinez. Id. at 1921.
The Court in Trevino summarized the four-part test Martinez had established to determine whether a federal habeas court may excuse a state court procedural default. “Cause” to excuse the default may be found
where (1) the claim of “ineffective assistance of trial counsel” was a “substantial” claim; (2) the “cause” consisted of there being “no counsel” or only “ineffective” counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the “initial” review proceeding in respect to the “ineffective-assistance-of-trial-eounsel claim”; and (4) state law requires that an “ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral review proceeding.” Martinez, [132 S.Ct. at 1318-19, 1320-21].
Id. at 1918. (The fourth requirement was relaxed in Trevino, as just described.)
The Court has provided several reasons justifying its new equitable rule excusing procedural default. First, “if counsel’s errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner’s claims.” Martinez, 132 S.Ct. at 1316. Where “the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner’s direct appeal.” Id. at 1317.
Second, the Court recognized the importance of having effective legal assistance in bringing an IAC claim. Id. at 1317. The Court wrote:
Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy. When the issue cannot be raised on direct review, moreover, a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim....
The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the State’s procedural rules or may misapprehend the substantive details of federal constitutional law. While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.
Id. at 1317 (internal citations omitted).
Finally, the Court emphasized the significance of the underlying right to effective trial counsel. That right “is a bedrock principle in our justice system.” Id. at 1317. Effective counsel is essential to a fair trial, and is a “foundation for our adversary system.” Id. Effective defense counsel tests the prosecution’s case, thereby ensuring “that the proceedings serve the function of adjudicating guilt or innocence.” Id.
Each of these reasons applies with equal force to a defaulted Brady claim. First, as in Martinez and Trevino, where the prisoner was prevented from raising a trial-counsel IAC claim on direct appeal, Hun-ton was prevented from bringing his Bra *1130 dy claim on direct appeal. Almost all Brady claims, like almost all trial-counsel IAC claims, rely on evidence outside the trial record. Washington law prevents evidence outside the trial record from being considered on direct appeal. See State v. McFarland, 127 Wash.2d 322, 899 P.2d 1251, 1257 (1995) (en banc). Hunton sought to raise his Brady claim on direct review, and the Washington Court of Appeals refused to hear it. It wrote, “Mr. Hunton claims that the prosecutor did not timely provide exculpatory evidence ... Mr. Hunton may have a point. However, the factual basis for his claim cannot be examined on the record before this court.” Recognizing the similarity of IAC and Brady claims, the court then cited an IAC case in support of its refusal. See State v. Crane, 116 Wash.2d 315, 804 P.2d 10, 21 (1991) (en banc). The Court wrote in Martinez that where “the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner’s direct appeal.” 132 S.Ct. at 1317. This was true in Martinez with respect to a trial-counsel IAC claim. It is equally true here with respect to a Brady claim.
Second, just as for a trial-counsel IAC claim, it is important for a Brady claim that a prisoner have effective assistance in developing evidence to support his claim. For both trial-counsel IAC and Brady claims, much — sometimes all — of the important evidence is outside the trial record. A prisoner acting pro se, or with only the assistance of ineffective collateral review counsel, cannot perform the necessary investigative work to collect and present the evidence in an initial-review collateral proceeding. See Martinez, 132 S.Ct. at 1317 (describing the challenges prisoners face in investigating claims and gathering evidence outside the record).
Third, trial-counsel IAC claims and Brady claims vindicate bedrock principles of our judicial system. Effective assistance of trial counsel and production of exculpatory evidence by the prosecution are both essential to a fair trial. Both are critical to a criminal trial’s essential “function of adjudicating guilt or innocence.” Martinez, 132 S.Ct. at 1317. As the Court wrote in Brady:
Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: “The United States wins its point whenever justice is done its citizens in the courts.” A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not the result of guile, to use the words of the Court of Appeals.
373 U.S. at 87-88, 83 S.Ct. 1194 (citations and internal quotation marks omitted). See also Amadeo v. Zant, 486 U.S. 214, 222, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988) (government’s intentional suppression of evidence that prevented trial counsel from making jury challenge objection was “cause” to excuse procedural default under Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)); Strickler v. Greene, 527 U.S. 263, 288-89, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (extending Amadeo to inadvertent suppression of evidence, citing Brady).
*1131 The Court in Martinez was careful to indicate the limited application of the equitable rule it established. The Court wrote:
The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State’s appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.
In addition, the limited nature of the qualification to Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991),] adopted here reflects the importance of the right to the effective assistance of trial counsel and Arizona’s decision to bar defendants from raising ineffective-assistance claims on direct appeal. Our holding here addresses only the constitutional claims presented in this case, where the State barred the defendant from raising the claims on direct appeal.
Martinez, 132 S.Ct. at 1320 (citations omitted).
According to the majority, this language precludes applying the Martinez rule here. I disagree. Nothing in what the Court wrote differentiates a trial-counsel IAC claim from the Brady claim at issue here. The Court’s first paragraph lists proceedings in which ineffective assistance of counsel does not come within the scope of Martinez. Hunton’s Brady claim was procedurally defaulted by counsel in his initial collateral review proceeding, not in any of the proceedings listed by the Court. The second paragraph emphasizes “the importance of the right to the effective assistance of trial counsel,” as well as “Arizona’s decision to bar defendants from raising ineffective-assistance claims on direct appeal.” Id. The Court has repeatedly made clear the importance of a Brady claim. Its language leaves no doubt that a Brady claim is just as important as a trial-counsel IAC claim. Further, Hunton was barred from raising his Brady claim on direct appeal, just as Martinez and Trevino were barred from raising their trial-counsel IAC claims on direct appeal.
Justice Scalia, dissenting in Martinez, anticipated cases like the one now before us. He wrote that “[t]here is not a dime’s worth of difference in principle” between trial-counsel IAC claims and Brady claims that have been procedurally defaulted by initial collateral review counsel. Martinez, 132 S.Ct. at 1321 (Scalia, J., dissenting). I agree.
I conclude that the equitable rule established in Martinez applies in a case where a petitioner, acting pro se during his initial collateral review proceedings in state court, failed to raise and thereby procedurally defaulted his Brady claim. I would reverse the decision of the district court and remand to allow that court to determine whether Hunton can satisfy the four-part test under Martinez that would allow an excuse of his procedural default.